a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ARTHUR RAY ROBINSON #425796, Plaintiff | CIVIL DOCKET NO. 5:22-CV-05335 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| JERRY GOODWIN, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 filed by pro se Petitioner Arthur Ray Robinson ("Robinson"). Robinson is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He challenges his conviction and sentence imposed in the First Judicial District Court, Caddo Parish.

Because Robinson's Petition challenges the same conviction and sentence as another § 2254 Petition pending in this Court, it should be DISMISSED as duplicative.

I. Background

Robinson challenges a conviction and sentence for two counts of second-degree kidnapping in Docket No. 184,910 in Caddo Parish. ECF No. 1. He challenges this same conviction and sentence in another habeas case filed in this Court on April 7, 2022. *See Robinson v. Goodwin*, 5:22-CV-941 (W.D. La.), ECF No. 1.

1

## II. Law and Analysis

The Court has the authority to dismiss Robinson's claims as duplicative. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."); *Morris v. Stephens*, 599 F. App'x 148, 150 (5th Cir. 2015) (upholding dismissal of § 2254 petition as duplicative of another pending § 2254 petition); *Brock v. Cockrell*, 3:03–CV–340, 2003 WL 21418792 (N.D. Tex. 2003) (§ 2254 petition dismissed as duplicative of another pending § 2254 petition), *Carter v. Westbrook*, 3:12-CV-666, 2013 WL 1891288 at *3 (S.D. Miss. 2013) (dismissing § 2254 petition filed while prior successive § 2254 petition was pending as duplicative even though the prior petition was no longer pending at the time of dismissal); *see also Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("Federal courts . . . retain broad powers to prevent duplicative or unnecessary litigation.").

## III. Conclusion

Because Robinson's Petition is duplicative of another pending § 2254 Petition, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Monday, November 5, 2022.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

3